Gaston, Judge.
 

 Upon the trial the defendant objected to the reception in evidence of the deposition, of Sarah Williams, because the commission was not returnable to the term immediately succeeding ¿hat at which it bore
 
 teste,
 
 but to the next term thereafter. The Court is of opinion that this objection was properly overruled. The provisions in our act of 1777, ch. 115, sec. 14, do not apply to commissions. These are not embraced within the term “ process,” and were not intended or referred to in that section. In its most general acceptation, process comprehends all the proceedings between the parties to the suit, after the original, and before judgment, but usually it imports those writs which issue to bring persons before the Court, or to do' execution. When used in fhe latter sense, it is divided into original, mesne, and final. The provisions in this section with respect to the term to which process is to be made returnable, are expressly confined to “ original and mesne processthey are made in the spirit of the common law, by which a cause is out of court, if in the case of
 
 mesne
 
 process a term be omitted between the teste and return;
 
 (Parsons
 
 v.
 
 Lloyd,
 
 3 Wils. 341;) and are extended by the legislature to
 
 original
 
 process, because with us it is generally a capias, and is therefore within the mischiefs requiring a like remedy. That commissions to take testimony were not intended in thiá* section, is further manifested by the enactment, that •such process shall be executed at least ten days before the beginning of the term to which it is returnable, and if made returnable or executed at any other time, or in any other manner, than by the act directed, it shall be adjudged void, upon the
 
 plea of the defendant.
 
 It cannot be
 
 *293
 
 questioned but that a commission may be executed at any moment before it is returnable, and its validity or invalidity cannot be brought before the Court by
 
 plep,;
 
 and it is liable to objections either on the part of the plaintiff or of, the defendant. The issuing of commissions is regulated by the 39th, 40 th, and 41st sections of the same act, in which they are not spoken of as process, but as mere delegations of authority to examine witnesses; and neither these nor any subsequent acts on the subject provide when they shall be made returnable. There is no
 
 necessity,
 
 which requires that they shall be made returnable to the next term. They are issued at the instance and for the benefit of one of the parties, and he will usually make them returnable to the earliest day consistent with convenience. If through laches, or from a wish to delay the trial, he should not do so, the non-execution of the commission will be adjudged an insufficient reason for asking a continuance. A positive requisition, that they should be returned to the first term, would, in the case of distant witnesses, render it often difficult, and sometimes impossible, to procure their testimony. We believe that the defendant’s counsel is correct in his construction of the act of 1797
 
 (Rev. c.
 
 474, s. 5,) which declares it unnecessary, for a clerk to affix a seal to process within his county; and that the act applies
 
 to
 
 commissions as well as process properly so called; but we think that this ■construction is justified rather by the equity of the act, than by its words. If a seal be not necessary to a writ where personal liberty may be endangered,
 
 a fortiori,
 
 it shall not be demanded in one of a less important character. But however justified we may be in holding that commissions were in the purview of the legislature when they used the term “ process” in this act, we cannot force them within the act of 1777, because of the word process, where it is obvious that commissions were not contemplated.
 

 The other exception taken by the defendant to the •charge of the judge, that upon the evidence set forth, the jury were not at liberty to
 
 presume
 
 a deed from the lessors of the plaintiff, is also unfounded. Referring to the
 
 *294
 
 opinion given at this term, in the case of
 
 Den on the demise of Matthews
 
 v.
 
 Smith,
 
 upon the subject of presumptions, vve will remark only, that in the present case, the presumption relied on rests
 
 wholly
 
 on the possession taken *n w^en Mrs- Duncan was actually under the disability of coverture, which disability continued up to the institution of this Suit,
 

 Per Curiam. Judgment affirmed.