### STATE *vs.* HARRY S. LANKFORD.

1. HUSBAND AND WIFE—ASSAULT—CRIMINAL RESPONSIBILITY.

A husband may inflict an assault and battery upon his wife notwithstanding the marriage relation.

2. HUSBAND AND WIFE—ASSAULT BY HUSBAND—CRIMINAL RESPONSIBILITY.

A wife in confiding her person to her husband does not consent to cruel treatment or infectious diseases, and a husband, knowing that he had syphilis, an infectious disease, and ocncealing the fact from his wife, communicates the infection to her, is guilty of an assault and battery; the intent to communicate the disease being inferred from the actual result.

(*June* 26, 1917.)

BOYCE, J., sitting.

*Daniel J. Layton, Jr.,* Deputy Attorney General, for the state.

*Howard J. Cooke* for defendant.

Court of General Sessions, Sussex County, June Term, 1917.

INDICTMENT No. 5, June Term, 1917.

Harry S. Lankford was indicted for an assault upon Alice M. Lankford, his wife. Verdict guilty.

At the trial, the wife testified that she and the accused were married June 10th, 1916; that about the first of March following, she began suffering in her private parts, and asked her husband what ailed her; that he told her she had ulcers, and he got some medicine for her but she could not take it. He told her she would get well, if she waited awhile, which she did, but her ailment grew worse; that the latter part of the month or the first of April she consulted a physician and learned that she had syphilis; that from the time of her marriage until she learned that she was infected she had lived with her husband an that he had continued to have sexual relations with her until March after their marriage. A physician testified for the state that he had been consulted by the accused, the latter part of November or the first of December, 1916, and that, on finding he had syphilis, he informed the accused of the nature of his malady.

The husband admitted that his wife contracted syphilis from him and that he did not tell her that he was suffering with the

disease until she had learned that she was suffering with it; but contended that he had contracted the disease about nine months before his marriage, at which time he supposed himself to have been cured; that some time in October, following his marriage, he consulted a physician and became aware that he still had the disease; and that from that time he did not have sexual intercourse with his wife.

The court was requested on behalf of the state, to instruct the jury that if they should believe that the accused, knowing that he was infected with a venereal disease, syphilis, and without informing his wife of the fact had sexual intercourse with her after such knowledge had been communicated to him, and thereby infected her with the disease, he would be guilty of assault. The fraud practiced upon the wife would abrogate any consent₁ she might give for sexual intercourse, as it cannot be supposed that a wife would consent to sexual intercourse with her husband if she knew that he was infected with a disease such as syphilis. *Reg. v. Williams*, 8 *C. & P.* 286; *Trammell v. Vaughan*, 158 *Mo.* 214, 59 *S. W.* 81, 51 *L. R. A.* 854, 81 *Am. St. Rep.* 302; *State v. Marks*, 140 *Mo.* 656, 41, *S. W.* 973, 43 *S. W.* 1095; 2 *Whart. Crim. Law*, 1875; *Clark, Crim. Law*, 246; and 2 *Bish. Crim. Law*, § 72b(2).

For the accused the court was requested to instruct the jury, first defining an assault, that if the evidence fails to show the alleged act òf assault unjustifiable, or leaves that question in doubt, the criminal act is not proved, and the defendant is entitled to an acquittal; that the intent to injure is the essential element of the offense charged, and before the jury can find the accused guilty they must find that he had an intention to injure his wife; that if the accused had syphilis prior to his marriage to the prosecutrix and believed that he had been cured of the disease before his marriage, and that as soon thereafter as he learned that he still had the disease, he ceased to have, and has not since had, sexual intercourse with his wife, though the jury should believe that the wife contracted the disease from him, the verdict should be not guilty.

BOYCE, J., charging the jury, in part:

It is admitted that the accused and the prosecuting witness were married on the tenth day of June, 1916, and that the former communicated syphilis to his wife.

[1] A husband may commit an assault and battery upon his wife, notwithstanding the marriage relation. *State v. Buckley*, 2 *Harr*. 552.

[2] A wife in confiding her person to her husband does not consent to cruel treatment, or to infection with a loathsome disease. A husband, therefore, knowing that he has such a disease, and concealing the fact from his wife, by accepting her consent, and communicating the infection to her, inflicts on her physical abuse, and injury, resulting in great bodily harm; and he becomes, notwithstanding his marital rights, guilty of an assault, and indeed, a completed battery. 2 *Bish. Crim. Law*, § 72b(2).

If the accused knew he was infected with syphilis, and his infection was unknown to his wife, the intent to communicate the disease to her by having sexual intercourse with her, may be inferred from the actual results.

If the jury should find from the evidence that the accused, knowing that he was infected with a venereal disease, and, without informing his wife of the fact, had sexual intercourse with her after such knowledge had been communicated to him, and thereby infected her with the disease, their verdict should be guilty.

If the jury should find that the accused, during the period he had sexual relations with his wife, did not know that he was infected with a venereal disease, and that he did not communicate with his wife after being informed that he was infected, their verdict should be not guilty.

Verdict guilty.