LACY CROWELL v. W. J. CROWELL.

(Filed 9 March, 1921.)

**Rehearing—Petition—Reasoning—Husband and Wife—Venereal Disease —Assault.**

> The reasons for denying a petition to rehear in the Supreme Court are not usually set out. STACY, J., in denying this petition states his own opinion as to why the petition should be denied owing to the wide difference of opinion of the bench and bar as to whether the wife's action may be maintained against her husband for willfully and deliberately infecting her with a loathsome disease.

PETITION to rehear this case, reported in 180 N. C., 516.

*T. A. Adams for petitioner.*

STACY, J. Defendant's petition to rehear, filed in this cause, was referred to the writer, under Rule 53 of the Court. It is not customary to assign any reasons for denying a petition to rehear; but, on account of the mooted questions involved and the wide difference of opinion among members of the bench and bar, I deem it not amiss to insert this memorandum in the record as an expression of my individual views.

It will be remembered that plaintiff, a married woman, brings this action against her husband, alleging that he wrongfully and recklessly infected her with a loathsome disease. It is conceded that prior to the enactment of chapter 13, Public Laws 1913, now C. S., 2513, this suit was not maintainable, but the act of 1913 provides: "The earnings of a married woman, by virtue of any contract for her personal service, and any damages for personal injuries, or other tort sustained by her, can be recovered by her suing alone, and such earnings or recovery shall be her sole and separate property as fully as if. she had remained unmarried."

The burden of petitioner's brief is that this statute creates no substantive right; that it merely changes the rule of procedure, and that it applies only to such causes of action as could be maintained by the husband and wife as coplaintiffs before the law took effect. This position is supported by eminent authorities; but to my mind the reasons are not conclusive.

At common law the defendant's demurrer would have been sustained, because his wife could not maintain such an action suing alone; but his conduct would have been no less hurtful and injurious to her. His only defense now is that he and the plaintiff are one by reason of the marriage tie. Shylock, in Shakespeare's "Merchant of Venice," as he stood in court insisting upon the terms of his bond, was in a better position than the defendant in this case. There nothing had been done to increase the burdens and hazards of the party obligated, but not so here. In the case at bar, the strenuous demand for what is called the defendant's legal right forces plaintiff's counsel to play the role of Portia. A mere rule of procedure, based upon the unity of husband and wife, ought not to prevail over plaintiff's claim founded on a willful and deliberate wrong, especially in the face of a statute changing such rule. Surely the plaintiff with propriety can say to the defendant: "If you claim immunity from suit under the common law, by reason of our unity as husband and wife, you must not wrongfully and recklessly commit a tort upon my person, for I can now maintain an action for such a tort—our unity no longer being a bar to my suing alone—and your protection in such instance is taken away by the statute." To hold otherwise would seem to forsake the substance for the shadow. Defendant forgets that his rights in. the premises are relative and not absolute.

Again, C. S., 454, provides that a wife may maintain an action without the joinder of her husband: (1) When the action concerns her separate property; (2) when the action is between herself and her husband; and it has been held with us that a wife may maintain an action against her husband to recover possession of her lands and damages for

withholding the same, allowing the husband the right of ingress, egress, and regress only (*Manning v. Manning,* 79 N. C., 293), and to enjoin her husband from interfering with her separate property or from collecting her rents. *Robinson v. Robinson,* 123 N. C., 137. See, also, *Graves v. Howard,* 159 N. C., 594. These authorities are decisive of the question so far as property rights are concerned.

But defendant contends that the act of 1913, above set out, is not sufficiently inclusive in its terms to extend to a personal injury or tort sustained by one spouse from the other. In reply to this, it may be observed that the right of a wife to sue her husband, under C. S., 454, is not limited by any provision of the statute to actions involving the rights of property only. Hence, considering the two sections together, I have no difficulty in arriving at the conclusion that the plaintiff's right to maintain this action is an entirely permissible construction.

Furthermore, I hold it to be a sound principle of law, and certainly approved in morals, that, although a man may have a legal right to do a given thing, yet he forfeits that right when he voluntarily and deliberately places himself in a position where it becomes impossible for him to exercise it without hurt or injury to another.

But it is not conceded that the position here taken denies to the defendant any protection which the law affords him. The gravamen of plaintiff's complaint is that the defendant, with knowledge of his diseased condition, willfully, deliberately, and recklessly communicated said vile and loathsome malady to his wife in total disregard for her health and safety. This he never had a right to do. No such right ever existed. Petitioner apparently is confusing conjugal privileges and immunities, which had been forfeited in the instant case, with the personal rights of another.

The plaintiff having the right to sue alone under the statute, all other questions in the case are collateral to this one issue. Defendant's conduct was a willful and deliberate wrong committed without excuse or justification. The foundation of the plaintiff's cause of action is not a new tort, created by the statute, but an old principle newly applied.

I think the case was correctly decided in the first instance, and that the defendant's petition should be denied.

Petition dismissed.