JOAN ANNETTE FOY, BY HER NEXT FRIEND, THOMAS G. LANE, JR., V. FOY ELECTRIC COMPANY.

(Filed 23 November, 1949.)

**Parent and Child § 3b—**

In an action in tort by an infant against a corporation, allegations of the answer setting up the defense that the infant's parents were majority stockholders in the corporation and that to the extent of such stock ownership the action was in tort by an infant against its parents, *held* properly stricken on motion aptly made under authority of *Wright v. Wright*, 229 N.C. 503.

APPEAL by defendant from *Armstrong, J.*, at 2 May, 1949, Regular Term of MECKLENBURG.

Civil action to recover for damages for alleged actionable negligence of defendant in the operation of its truck by its servant and agent, Howard J. Foy.

The case was heard upon motion of plaintiff to strike from defendant's further answer these averments: (1) That at the time referred to in the complaint the infant plaintiff was daughter of said Howard J. Foy,— living in his household as a member of his family; (2) that Howard J. Foy and his wife, the mother of infant plaintiff, own one-half of the outstanding stock of defendant corporation; and (3) that, to the extent of his stock ownership in the corporation, the action is in effect against Howard J. Foy by his infant daughter, the maintenance of which is against public policy. The presiding judge allowed the motion to strike paragraph two and three, but disallowed it as to the remaining paragraph.

Defendant appeals to Supreme Court and assigns error.

*McDougle, Ervin & Horack and Frank W. Snepp, Jr., for plaintiff, appellee.*

*Robinson & Jones and John M. Robinson, Jr., for defendant, appellant.*

PER CURIAM. The action of the court in striking paragraphs two and three is accordant with the principle enunciated and applied in *Wright v. Wright*, 229 N.C. 503, 50 S.E. 2d 540. Hence, the ruling from which appeal is taken is

Affirmed.