W. C. KING, ADMINISTRATOR OF THE ESTATE OF GLADYS CALDER, DECEASED, v. WALTER GATES AND STANLEY W. CALDER.

(Filed 8 March, 1950.)

**1. Statutes § 12—**

> The action of the General Assembly in adopting a recodification in which a previous statute is deleted and not brought forward constitutes a repeal of the omitted statute.

**2. Husband and Wife § 11—**

> In this jurisdiction a wife may maintain an action against her husband for negligent injury, or if such injury results in death, her personal representative may maintain such action. G.S. 52-10.

APPEAL by defendant Calder from *Grady, Emergency Judge,* October Term, 1949, of HALIFAX. Affirmed.

This was an action to recover damages for wrongful death of plaintiff's intestate resulting from a collision between an automobile driven by defendant Gates, and an automobile in which plaintiff's intestate was riding, being driven at the time by defendant Calder, her husband. Plaintiff alleged the death of his intestate was caused by the concurrent negligence of both defendants. Defendant Gates answered.

The defendant Calder demurred to the complaint on the ground that an action for damages for a negligent injury to a wife, or by her administrator for her wrongful death, could not be maintained against her husband. The demurrer was overruled and defendant Calder appealed.

*Allsbrook & Benton for plaintiff, appellee.*
*Spruill & Spruill for defendant Stanley W. Calder, appellant.*
*Battle, Winslow & Merrell for defendant Walter Gates, appellee.*

DEVIN, J.   The appeal by defendant Calder from the judgment below overruling his demurrer to the complaint presents for determination the question whether now in this jurisdiction a wife may maintain an action for damages for injuries to her person caused by the negligence of her husband.

Prior to 1868 in North Carolina a married woman was not *sui juris* and was incapable of maintaining an action without the joinder of her husband (*Roberts v. Roberts,* 185 N.C. 566, 118 S.E. 9; *Harvey v. Johnson,* 133 N.C. 352, 45 S.E. 644), but in that year by the enactment of the Code of Civil Procedure, section 56, the General Assembly prescribed an exception to this procedural rule, as follows: "When a married woman is a party, her husband must be joined with her, except that (1) when the action concerns her separate property she may sue alone; (2) when the action is between herself and her husband, she may sue or be sued alone."   This statute was later codified as C.S. 454.

In 1913 the General Assembly passed an act which was later codified as C.S. 2513, and now G.S. 52-10.   This Act provided that: "The earnings of a married woman by virtue of any contracts for her personal services, and any damages for personal injuries, or other tort sustained by her, can be recovered by her suing alone, and such earnings or recovery shall be her sole and separate property as fully as if she had remained unmarried."

This statute changed the substantive law by establishing her right to maintain an action for "any damages for personal injuries or other ·tort sustained by her . . . by suing alone," the recovery to be her separate property as fully as if she had remained unmarried, and thus enabled the wife to maintain an action for damages for personal injuries caused by the negligence of her husband.   *Roberts v. Roberts, supra; Crowell v. Crowell,* 180 N.C. 516 (520), 105 S.E. 206.   On rehearing in the *Crowell case* (181 N.C. 66), the present *Chief Justice,* citing the two statutes above quoted (C.S. 454 and C.S. 2513), used this language: "Considering the two sections together . . . the plaintiff's right to maintain this action (against her husband) is an entirely permissible construction."   Thereafter the right of the wife to maintain an action against her husband for negligent injury under the statutes then in force was not questioned. *Etheredge v. Cochran,* 196 N.C. 681 (684), 146 S.E. 711; *Shirley v. Ayers,* 201 N.C. 51, 158 S.E. 840; *Jernigan v. Jernigan,* 207 N.C. 831, 178 S.E. 587; *York v. York,* 212 N.C. 695, 194 S.E. 486; *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162.

But, when the North Carolina statutes were again recodified, under the title of General Statutes of 1943, the General Assembly adopted the report of the Code Commission in which C.S. 454 was deleted and not brought forward.   It seems from the report of the commissioners that

this statute was regarded as a duplication and no longer necessary. However, the action of the General Assembly thereon constituted a repeal of the omitted section.

The appellant bases his appeal in this case upon the ground that the ruling in *Crowell v. Crowell,* 181 N.C. 66, 106 S.E. 149, was predicated upon consideration of both statutes, and that the repeal of one left insufficient support for holding now that a wife can maintain a tort action against her husband. As the learned counsel for appellant expressed it, "It took two props to support this legal proposition, and since one has been knocked from under it, the proposition falls of its own weight."

We are unable to adopt appellant's view that both statutes were essential to support a wife's right of action against her husband for damages for a personal injury negligently inflicted by him. The present statute, G.S. 52-10, by its language as interpreted by this Court is sufficient to empower a married woman to maintain an action against her husband for a wrongful or negligent act on his part causing injury to her person. This seems to have been inherent in the latest decision on this subject in *Scholtens v. Scholtens,* 230 N.C. 149, 52 S.E. 2d 350, where *Justice Winborne* in writing the opinion for the Court denying husband's right to sue his wife for tort, refers to the different rule applicable to the wife, saying: "While it is urged that since the wife may sue the husband in such cases, he should be permitted the like right to sue her, sufficient answer for present purposes is, this Court does not make the law."

In *Helmstetler v. Power Co.,* 224 N.C. 821, 32 S.E. 2d 611 (Fall Term, 1944), in an opinion by *Chief Justice Stacy,* the right of a husband to maintain an action for negligent injury to his wife was denied on the ground that the Act of 1913 (G.S. 52-10), transferred this right to the wife and provided for recovery in such action by her suing alone as if unmarried. In *Roberts v. Roberts,* 185 N.C. 566 (570), 118 S.E. 9, *Justice Adams,* in a well-considered opinion upholding the right of the wife to maintain action against her husband for negligent injury, referred to *Crowell v. Crowell,* 180 N.C. 516, 105 S.E. 206, as holding that the Act of 1913 conferred this right upon the wife. And in *Kirkpatrick v. Crutchfield,* 178 N.C. 348 (353), 100 S.E. 602, *Chief Justice Clark* said the Act of 1913 had "settled the law in this state in no uncertain terms."

The legal disability of a married woman was originally based on the common law fiction of the unity of husband and wife. Her legal existence during coverture was deemed incorporated in that of her husband, and neither could sue the other for a personal tort or recover for injuries caused by the negligence of the other.

But the fiction of the wife's merged existence has long since been exploded. Both by statute and by judicial interpretation her disabilities have been removed, and her right to stand on her own feet in court and to

seek redress for personal injuries done her by her husband, or anyone else, has been established. Nor does any principle of public policy in North Carolina now exempt the husband from civil liability for the injury and death of his wife proximately caused by his own negligence.

The judgment of the court below overruling the demurrer of defendant Calder is

Affirmed.