RAY COX, Administrator of the Estate of LILLIE COX BURGESS, Deceased v. FRANCES LACKEY SHAW, PAUL R. BURGESS, and BARBARA BURGESS, Administratrix of the Estate of PAUL D. BURGESS, Deceased.

(Filed 15 January, 1965.)

**1. Parent and Child § 2—**

The administrator of the mother may not maintain an action against the administrator of the son's estate to recover for wrongful death based upon the tortious act of the unemancipated son.

**2. Husband and Wife § 9—**

One spouse may maintain an action against the other in tort, G.S. 52-10.1, and if a husband's negligence results in the death of his wife her personal representative may maintain an action against him for her wrongful death.

**3. Automobiles § 50—**

The negligence of the driver will be imputed to the owner-passenger having the right to control and direct the operation of the vehicle by the driver.

**4. Automobiles § 55—**

Under the family purpose doctrine the negligent operation of a car by a minor member of the family is imputed to the father furnishing the vehicle, regardless of whether the father is present in the car at the time of the accident.

**5. Same; Husband and Wife § 9— Child's immunity to suit by mother will not be extended to prevent mother from recovering from child's father under family purpose doctrine.**

Father, mother and son were riding in a family purpose car driven by the unemancipated minor son. The mother and son were killed in a collision, and suit for wrongful death was instituted by the mother's administrator against the administrator of the son and against the father on the basis of agency and under the family purpose doctrine. *Held:* The immunity of the son's estate from suit in tort by the personal representative of the mother does not extend to the father even though his liability is deriva-

tive. In the event of recovery by the mother's estate against the father, the father would not be entitled to recover against the son's estate on the theory of breach of duty by the son as agent.

**6. Actions § 5; Death § 9—**

In an action for wrongful death in a suit by the administrator of the mother to recover against the estate of her son and against her husband for wrongful death resulting from the negligent operation of a family car by the son, any recovery will be diminished by the share in such recovery which would go to the son's estate or to the husband under the doctrine that those culpably responsible for a person's death may not share in any recovery for the wrongful death.

APPEAL by plaintiff from *Walker, S. J.,* June 1, 1964 Conflict Session of RANDOLPH.

Action for wrongful death. On this appeal we review a judgment on the pleadings whereby the judge dismissed the action against two of the three defendants. The allegations of the complaint, the answer of the two defendant-appellees, and the reply establish these pertinent facts: The Burgess family, on September 8, 1963, consisted of P. R. Burgess (husband-father), Lillie Cox Burgess (wife-mother), Paul Burgess (son) and a daughter. For the sake of clarity these individuals will hereinafter be designated by their family relationship. On the afternoon of September 8, 1963, son, wife-mother, and husband-father were riding in the front seat of the father's family-purpose automobile on a trip which was for the pleasure and benefit of the three. Son, an unemancipated minor living in the home of his parents, was driving. The Burgess car was proceeding south on N. C. Highway No. 49 and was approaching the intersection of that highway with U. S. Highway No. 64, the dominant highway, in the Town of Ramseur. In the intersection, the Burgess car collided with the automobile being driven westerly on Highway No. 64 by Frances Lackey Shaw, the third defendant, who is not involved in this appeal. In the collision, mother and son were killed.

Plaintiff, the administrator of wife-mother, instituted this action against (1) Frances Lackey Shaw, (2) the administratrix of son, and (3) husband-father. Plaintiff alleges that his intestate's death was proximately caused by the joint and concurring negligence of Shaw and son and that husband-father is derivatively liable for the negligence of son both because he was the provider of the family-purpose automobile and because he was present in his vehicle with the right to control the manner of its operation by son, who was driving it for husband-father's benefit and pleasure. Husband-father and the administratrix of son moved the court for judgment upon the pleadings

dismissing this action as to them. The motion was allowed, and plaintiff appeals.

*Coltrane and Gavin for plaintiff.*
*Miller and Beck for defendant.*

SHARP, J.  This appeal presents two questions: (1) May the administrator of a mother sue the estate of her unemancipated minor son for damages for her wrongful death caused by the son's negligence? (2) If not, may the wife-mother's administrator maintain the action against the surviving husband-father, under the principle of *respondeat superior,* for son's negligence?

At common law an unemancipated minor child may not maintain an action against his parent to recover damages for negligence. *Redding v. Redding,* 235 N.C. 638, 70 S.E. 2d 676; *Small v. Morrison,* 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135. Likewise, the administrator of an unemancipated minor child killed by his parent's negligence has no cause of action against the parent for the wrongful death. *Capps v. Smith,* 263 N.C. 120, 139 S.E. 2d 19; *Lewis v. Insurance Co.,* 243 N.C. 55, 89 S.E. 2d 788; *Goldsmith v. Samet,* 201 N.C. 574, 160 S.E. 835; Annot., Liability of parent or person *in loco parentis* for personal tort against minor child, 19 A.L.R. 2d 423, 439. This immunity from suit is founded on the same public policy which prevents a parent or his personal representative from maintaining an action against an unemancipated minor child or his representative for negligence. *Gillikin v. Burbage,* *ante* at 317, ...... S.E. 2d at ......; Annot., Right of parent or representatives to maintain tort action against minor child, 60 A.L.R. 2d 1285; 3 Lee, North Carolina Family Law § 248 (3d Ed. 1963).

The answer to the first question, therefore, is No, and the judgment dismissing the action against the administratrix of the son of plaintiff's intestate is affirmed.

We now consider the second question. G.S. 52-10.1 permits one spouse to maintain an action against the other for injuries caused by his or her tort. If a husband's negligence results in the death of his wife, her personal representative may maintain an action against him for her wrongful death. *King v. Gates,* 231 N.C. 537, 57 S.E. 2d 765. As a passenger in his own automobile the husband-father had the right to control and direct its operation by the driver, his son. If the son were negligent, his negligence is to be imputed to the father. *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543; *Tew v. Runnels,* 249 N.C. 1, 105 S.E. 2d 108. The law is the same under the family-purpose doctrine, since negligence would have been equally imputable to the father had he not

been present. *Ewing v. Thompson,* 233 N.C. 564, 65 S.E. 2d 17; *Watts v. Lefler,* 190 N.C. 722, 130 S.E. 630. If the son was negligent on the occasion in question and if the son's immunity from the wife-mother's suit is extended to the husband-father, the husband-father would then be liable to all persons whomsoever injured by his son's negligence save only the wife-mother, plaintiff's intestate.

The husband-father contends that the family-purpose doctrine was originated for the protection of third parties, not the family of the owner of the automobile, and that the doctrine should not be extended to permit a wife to recover from her husband under the principle of *respondeat superior* for the negligence of the couple's son where the son, the active tort-feasor, is immune to her suit. In short, the husband-father contends that he is entitled to avail himself of his son's immunity.

Plaintiff relies upon the case of *Wright v. Wright,* 229 N.C. 503, 50 S.E. 2d 540, followed in *Foy v. Electric Co.,* 231 N.C. 161, 56 S.E. 2d 418. In *Wright,* a six-year-old boy was permitted to sue his father's employer, a taxicab operator, for injuries caused by the father's negligence while operating a taxi. The father, with his employer's implied consent, was "baby sitting" while driving the cab. The father himself was not a party to the suit. In affirming the judgment for the plaintiff, this Court, speaking through Seawell, J., said: "The personal immunity from suit because of the domestic relation does not extend to the employer *so as to cancel his liability* or defeat recovery on the principle of *respondeat superior* when the injury was inflicted by the servant acting as such." *Id.* at 507, 50 S.E. 2d at 544. (Italics ours.) The opinion pointed out that the decision did not turn on the fact that the defendant owed a higher duty because he was a carrier of passengers for hire.

Defendants stress that the defendant in *Wright* was a business employer, a stranger to the family circle. So, also, was the defendant in *Schubert v. Schubert Wagon Co.,* 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293, a case which obviously commanded the decision in *Wright.* In *Schubert* the plaintiff, as the wife of the negligent employee, was precluded by the law of the jurisdiction from suing her husband. The New York court, speaking through Cardozo, C. J., said: "The disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other's principal or master." *Id.* at 255, 164 N.E. at 42, 64 A.L.R. at 294. Cardozo, C.J., argued as follows: A master, otherwise liable for his servant's tort, is not exonerated when the servant has had the benefit of a covenant not to sue, has been discharged in bankruptcy,

"or has escaped liability upon grounds not inconsistent with the commission of a wrong, unreleased and unrequited." *Id.* at 256, 164 N.E. at 42, 64 A.L.R. at 294. The husband's negligent act which has injured his wife is still unlawful even though the law exempts him from liability for damages. When a servant commits a tort for which the master is derivatively liable, the master is brought under a distinct liability of his own. He may not hide behind his servant's immunity — "unlawful the act remains, however shorn of a remedy." *Id.* at 257, 164 N.E. at 43, 64 A.L.R. at 295.

The only case in point which our research has discovered is *Silverman v. Silverman*, 145 Conn. 663, 145 A. 2d 826. There, plaintiff-wife sustained injuries as a result of the negligent operation of defendant-husband's family-purpose automobile by the couple's unemancipated minor son. From a judgment in her favor the husband appealed. The Connecticut court considered and rejected the same contention which defendant husband-father makes in this case, *i. e.*, that the mother had as much right and duty to direct her son's operation of the vehicle as did her husband and that the son's negligence, if imputable to the father, was imputable to the mother, also.

> "It does not appear that the mother was other than a passenger in the car. The negligence of the operator of an automobile cannot ordinarily be imputed to one who is a passenger in it . . . The record is barren of any evidence that the mother had anything to do with the operation of the car. The negligence of a child is not imputed to a parent who does not control, or have the right and duty to exercise control of, the child's conduct in the operation of a vehicle; . . . unless the parent owns the vehicle and has the child drive it for him; . . . or the child was the agent of the parent in the operation of the vehicle at the time." *Id.* at 668, 145 A. 2d at 828.

As the owner-provider of the automobile, the husband-father, not the wife-mother, was the one having the right to control its operation; our case is the same as *Silverman*. The court said:

> "The principal question involved is whether the wife and mother has a cause of action against the husband and father under the family car doctrine for the tort of the unemancipated child even though she is precluded from recovering from the child. No reported cases upon this point have been cited by counsel, nor have we found any. We must decide whether it is likewise against public policy to allow recovery from the husband because of the delict of

his son, who was his agent but is himself immune to suit." *Id.* at 664, 145 A. 2d at 827.

In reaching the conclusion that the husband-father should be held liable to the wife-mother, the Connecticut court was largely influenced by its previous decision in *Chase v. New Haven Waste Material Corp.*, 111 Conn. 377, 150 A. 107, 68 A.L.R. 1497, in which an unemancipated minor child, injured by the negligence of his father acting in the scope of his employment, was permitted to recover from the father's business employer. Like our case of *Wright, Chase* was decided on the authority of *Schubert v. Schubert Wagon Co., supra.*

The principle of *Wright* and *Schubert* is set out in Restatement (Second), Agency § 217 (1958) as follows:

> "In an action against a principal based on the conduct of a servant in the course of employment: . . . the principal has no defense because of the fact that: . . . the agent has an immunity from civil liability as to the act . . .
>
> Immunity is a word which denotes the absence of civil liability for what would be a tortious act but for the relation between the parties or the status or position of the actor. Illustrative of the immunities created by relation between the parties are those resulting from the relation of parent and child and of husband and wife."

The older cases denied recovery from the principal for the agent's conduct where the agent was himself immune from suit because of the family relationship. It was reasoned (1) that, the master's liability being vicarious, he should not be liable where the servant is not or (2) that the master's right of indemnity against the servant would defeat the domestic immunity by throwing the ultimate loss upon the servant because of his liability to the master. In commenting upon these arguments, Prosser says:

> "The first argument confuses immunity from suit with lack of responsibility — the servant has committed a tort which by ordinary rules of law should make the master liable, and there is no reason to include the latter within the purely personal immunity of the family. The second misses the point that the master's recovery over against the servant is not based upon any continuation of the original domestic claim, but upon the servant's independent duty of care for the protection of the master's interests; and that if protection of the servant is still the *sine qua non*, it may be accomplished merely by denying the indemnity. Accordingly the

overwhelming majority of the courts now hold that the employer is liable even though the servant is not." Prosser, Torts § 101 (2d Ed. 1955).

Accord, Restatement (Second), Agency, Appendix § 217 (1958).

In answer to the second question, we hold that plaintiff is entitled to maintain this suit against defendant P. R. Burgess, under the family-purpose doctrine, notwithstanding that he is not a business employer, and the judgment dismissing the action against him is reversed.

In disposing of the argument that ultimately the consequence of permitting an action against the master might be to cast the burden on the servant, since the master, if not personally at fault, has a remedy over, Cardozo, C. J., says, "The consequences may be admitted, without admitting its significance as a determining factor in the solution of the problem." *Schubert v. Schubert Wagon Co., supra* at 257, 164 N.E. at 43, 64 A.L.R. at 295. He reasoned that, in such a case, the master recovers from his servant not because he is subrogated to the claim of the injured third party against the servant, but because the servant has breached the independent duty he owed to the master to use due care in the performance of the duties assigned him by the master.

All this is true in the ordinary case of *respondeat superior*, but in the ordinary case the servant is not, as here, immune from suit *ex delicto* by the master. Where the servant's employment contract with the master is breached by the servant's negligence as to a third person, the master's action against the servant for indemnity is, as Cardozo, C. J. rightly implies when he speaks of the servant's "duty," essentially delictual. *Cf. Peele v. Hartsell*, 258 N.C. 680, 129 S.E. 2d 97. This is not inharmonious with *Steele v. Hauling Co.*, 260 N.C. 486, 133 S.E. 2d 197, wherein it is stated, "The doctrine of primary-secondary liability is based upon a contract implied in law." *Id.* at 490, 133 S.E. 2d at 200. Enforceable in assumpsit, a contract implied in law is a *quasi* contract, which may result either from a tortious wrong, as in our case, or from one that is contractual. "A quasi-contractual obligation is one that is created by the law for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent . . . (I)t would be better not to use the word 'contract' at all." 1 Corbin, Contracts § 19 (1963 Ed.); *accord*, 46 Am. Jur., *Restitution* &c. 99, 100 (1943). When we understand that the flat statement that indemnity "springs from a contract express or implied," 27 Am. Jur., *Indemnity* § 6 (1940), is thus to be qualified (1) by the fact that a quasi-contract is meant and (2) by the fact that this particular quasi-contract is of

tortious origin, we cannot be led to say that the unemancipated son would not be immune to suit by his father on the *contract* of indemnity. Accordingly, this decision does not lift the immunity of the son's estate from suit by the father so as to authorize an action by him for indemnity should plaintiff recover in this action. Had we not based our family-purpose doctrine upon the concept of master and servant, this exegesis would have been unnecessary. "Here, as alsewhere, we are to be on our guard against the perils that are latent in a 'jurisprudence of conceptions,'" Cardozo, C. J., in *Schubert v. Schubert Wagon Co., supra* at 256, 164 N.E. at 42, 64 A.L.R. at 294.

Neither will this decision permit defendant husband-father, as a distributee of the estate of his wife, to profit from his own wrong. Where the beneficiary of an estate is culpably responsible for the decedent's death, he may not share in the administrator's recovery for wrongful death. The identity of beneficiaries entitled to share in the recovery is determined as of the time of decedent's death. *Davenport v. Patrick,* 227 N.C. 686, 44 S.E. 2d 203. Here, had plaintiff's intestate died a natural death, her beneficiaries would have been her husband, her son, and her daughter. G.S. 29-14(2). Under the circumstances, however, only the daughter will be entitled to benefit from any recovery which the administrator may obtain in this action. Therefore, should the jury return a verdict in plaintiff's favor, the court will enter judgment for only one-third of the amount. *Dixon v. Briley,* 253 N.C. 807, 117 S.E. 2d 747; *Davenport v. Patrick, supra; Pearson v. Stores Corp.,* 219 N.C. 717, 14 S.E. 2d 811; see Annot., Right of action for death against tortfeasor who is one of the class to whom, or for benefit of whom, the right of action for death is given by statute, 117 A.L.R. 496. It is further noted that defendant husband-father is himself primarily liable for intestate's burial expenses. *Davenport v. Patrick, supra..*

As to the action against Burgess, Administratrix of Paul D. Burgess—Affirmed.

As to the action against Paul R. Burgess —
Reversed.