RAIFORD v. WILMINGTON AND WELDON RAILROAD CO.

(Filed June 10, 1902.)

NEGLIGENCE—*Damages—Personal Injuries—Accident—Railroads.*

> In an action against a railroad company for personal injury, it will not be liable for an act or omission, though resulting in damages, unless by the exercise of ordinary care, under all the circumstances, it could have foreseen that the act or omission might result in damage to some one.

ACTION by B. B. Raiford against the Wilmington and Weldon Railroad Company, heard by Judge *O. H. Allen* and a jury, at January Term, 1902, of the Superior Court of WAYNE County. From a judgment for the plaintiff, the defendant appealed.

*Allen & Dortch,* for the plaintiff.
*F. A. Daniels* and *W. C. Munroe,* for the defendant.

MONTGOMERY, J.   The plaintiff when he was hurt was in the employment of the defendant in its machine shops at Wilmington.   He was at work in the act of dismantling an engine which had been injured in a collision.   While he was engaged in removing an iron engine apron that covered the engine bumper a piece of iron, one inch thick by three inches wide and twelve or fourteen inches in length, running crosswise the bumper and underneath it, fell to the track below and in some unaccountable way rebounding struck the plaintiff who was standing off the track and at the end of the bumper—the bumper extending two feet beyond the rail.   The piece of iron was kept in place underneath the bumper by an iron rod extending from the top of the bumper and through the bumper, the rod being fastened underneath the piece of iron by a nut.

Just before the plaintiff commenced his work, another employee of the defendant had removed the nut.   Upon the refusal of his Honor, on the defendant's motion, to dismiss the action at the close of the evidence, the question as to whether there was any evidence of negligence on the part of the defendant is raised.   When the nut was unscrewed from the bolt and the bolt withdrawn by the first workman, the piece of iron must have been held in place from the time of the withdrawal of the bolt until it fell from some cause produced by the enforced pressure of wood against iron, probably rust of the iron and indentations of the wood.

The negligence alleged by the plaintiff is that the first workman left the piece of iron in the condition it was in after he unscrewed the nut and withdrew the bolt.   With that exception, the defendant was not alleged to be at fault.   Work on the engine was not attended with risk or danger, and the place where the engine was standing was free from obstruction of any sort, the floor being laid in concrete and the rails in good condition.   The piece of iron falling perpendicularly, struck the ground four inches within the rail, and the plaintiff was standing on the ground two feet from the rail and at the end of the bumper.   He said that he had no occasion to work under the bumper, and in fact had not looked under it. Was his hurt an accident or was it produced by the negligence of the defendant?

An accident is "an event from an unknown cause," or "an unusual and unexpected event from a known cause;" "chance, casualty."   *Crutchfield v. Railroad,* 76 N. C., 320.

We are of the opinion, under that definition of the word "accident" that the plaintiff's hurt was accidental.   The cause of the injury is known, but the event was most unusual and unexpected; it was almost miraculous that that piece of iron should have been held underneath that bumper, after the support had been withdrawn, by any power of adhesion

known to us.   But the jury so found, and that matter was with them.

It seems to us that no human forethought could have anticipated such a result from such a cause.   In describing the manner of the accident, the plaintiff himself testified that the piece of iron "struck me in some sort of fashion, I do not know how.   The plate struck something else, and then struck me almost instantly.   It was like lightning."

We repeat what we said in *Carter v. Lumber Co.,* 129 N. C., 203:

"No act or omission, though resulting in damage, can be deemed actionable negligence unless the one responsible could, by the exercise of ordinary care under all the circumstances, have foreseen that it might result in damage to some one." 16 Am. and Eng. Enc. of Law, page 439; Pollock on Torts, 36, 37; Shear. & Red. on Neg., 10.   There must be, before a recovery can be had in actions for negligence, a breach of duty on the part of the defendant, and the act or omission producing the breach of duty, culpable in itself, must be such as a reasonably careful man would foresee might be productive of injury; and one is not liable for an injury which he could not foresee.   Smith on Neg., 24; *Blythe v. Water Co.,* 11 Exc., 781.

There is not a scintilla of evidence in this case tending to show that the defendant was negligent or failed, to exercise ordinary or reasonable care.   We quoted in *Carter v. Lumber Co.,* 129 N. C., 203, from 16 Am. and Eng. Enc. of Law, page 402, a good definition of the test of ordinary care, which we reproduce:   "When a person in the observance or performance of a duty to another has neither done nor omitted to do anything which an ordinarily careful and prudent person, in the same relation and under the same conditions and circumstances, would not have done, or omitted to do, he has not failed to use ordinary care, and is, therefore, not guilty of

negligence, even though damage may have resulted from his action or want of action. And conversely, there has been a want of ordinary care where a person in the observance or performance of a legal duty to another has done or omitted to do something which an ordinarily careful and prudent person, in the same relation and under similar circumstances and conditions, would not have done or omitted, such act or omission being the proximate cause of injury to the other party to the relation."

The defendant's motion to dismiss the action should have been allowed.

Error.