BROWN, J., took no part in the decision of this case.
There was evidence to the effect that some time prior to the commencement of this action, and within six months, two horses owned by the plaintiffs got on the track of defendant company at a point about a quarter of a mile from a trestle, and 100 yards or little more ahead of one of defendant's trains, which was approaching from *Page 29 
the south. The track was straight for at least a half mile back from the trestle, and at a point about 150 yards from the trestle a wagon road crossed the railroad track. The horses ran along the track about 100 yards ahead of the train, passing the wagon-road crossing, and continued to go along the track till they ran into the trestle and were seriously injured. When the horses were seen by the engineer of defendant's train about a quarter of a mile from the trestle, the speed of the train was slackened to 6 miles an hour, and the train, being fully under control, followed along behind the horses at a distance (40) of 100 yards until the horses were injured, and stopping at a distance of 100 feet from the trestle. There was some conflict of evidence as to the speed of the horses as they went along the track ahead of the train, and some conflict as to the character and condition of the ground, tending to make it more or less probable that the horses would leave the track without stopping the train.
Upon these facts the judge below held — correctly, we think — that the statute in reference to the killing or injury of cattle and livestock by engines or cars running on any railroad (Code, sec. 2326) and changing the burden of proof when action is brought within six months, does not apply, and the burden of the issue as to negligence was on the plaintiff. This point is really not before us, as the ruling of his Honor was against the plaintiff, who did not appeal; but as there will be another trial, and the same question will arise, we deem it not improper to express our opinion concerning it.
Properly, then, putting the burden of this issue on the plaintiff, the court further charged the jury as follows: "That up to the time the horses passed the crossing there was no negligence on the part of the engineer. The evidence showed that he had slowed down the train and had shut off steam and had the engine under control; and he had a right to believe that the horses could get off the track or turn off at the crossing. After the horses passed the crossing, if an engineer of ordinary prudence and care could by reasonable diligence have seen that the horses were badly frightened and were rushing forward towards the trestle, then it was the engineer's duty to stop the engine, and if you find the further facts to be in addition that the horses were driven onto the trestle by the approaching train and its failure to stop sooner than it did after passing the crossing, it is negligence on the part of the defendant, and you will answer the first issue `Yes." (41)
In this charge we think there was error which entitles the defendant to a new trial. It has been held in this State that where the facts are undisputed and but a single inference can be drawn from them, it is the exclusive duty of the court to determine whether the injury *Page 30 
was caused by the negligence of one or the concurrent negligence of both of the parties.
But where, upon the facts admitted, or as they shall be found by the jury, men of fair minds could come to different conclusions on the question of actionable negligence, it is the province of the jury to determine whether such negligence does or does not exist. Russell v. R. R.,118 N.C. 1098; Graves v. R. R., 136 N.C. 3.
To establish actionable negligence, the question of contributory negligence being out of the case, the plaintiff is required to show by the greater weight of the testimony, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiffs under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances and charged with like duty; and, second, that such negligent breach of duty was the proximate cause of the injury — a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. Shearman and Red. on Neg., secs. 25-28; Brewster, v.Elizabeth City, 137 N.C. 392; Raiford v. R. R., 130 N.C. 597; Pittsburgv. Taylor, 104 Pa., 306; McGowan v. R. R., 91 Wis. 147.
We are of the opinion that the present case is one in which two different conclusions could be fairly drawn as to whether there (42) was a negligent breach of duty in not stopping the train, and whether the injury was one that any man of ordinary prudence might have expected from the facts as they existed.
The charge of the court, we think withdrew the decision of both these elements of actionable negligence from the jury, submitting to them only the question whether the failure to stop the train caused the injury.
There will be a new trial, and with appropriate instructions on the degree of care required, and as to the meaning of proximate cause, the question will be left to the jury to determine whether there was a negligent breach of duty in failing to stop the train, and whether such failure to stop was the proximate cause of the injury, the burden of the issue being on the plaintiffs.
New trial.
Cited: Kearns v. R. R., 139 N.C. 476; Brown v. Durham, 141 N.C. 253;Jones v. R. R., 142 N.C. 212; Bowers v. R. R., 144 N.C. 686; Boney v.R. R., 145 N.C. 250; Stewart v. Lumber Co., 146 N.C. 86; Harton v. Tel.Co., ib., 437; McGee v. R. R., 147 N.C. 155; Cordell v. Tel. Co.,149 N.C. 413; Snipes v. Mfg. Co., 152 N.C. 45; Hudson *Page 31 v. McArthur, ib., 455; Penny v. R. R., 153 N.C. 301; Bryan v. Lumber Co.,154 N.C. 490; Kearney v. R. R., 158 N.C. 547; Hardy v. Lumber Co.,160 N.C. 120; Ward v. R. R., 161 N.C. 184; Monds v. Dunn, 163 N.C. 113;Alexander v. Statesville, 165 N.C. 532; McAtee v. Mfg. Co., 166 N.C. 456,457; Norman v. R. R., 167 N.C. 545; Buchanan v. Lumber Co., 168 N.C. 45;Davis v. R. R. 170 N.C. 595; Wright v. Thompson, 171 N.C. 91;Garland v. R. R., 172 N.C. 639; Chancey v. R. R., 174 N.C. 352, 353;Brown v. R. R., ib., 697; Avery v. Palmer, 175 N.C. 381; Lea v. UtilitiesCo., ib., 463; Davis v. R. R. ib., 652; Brady v. Lumber Co., ib., 706;Hudson v. R. R., 176 N.C. 492; Blalock v. R. R., 178 N.C. 357; Enloe v.R. R., 179 N.C. 88; Winns v. R. R., 181 N.C. 497.