G. W. SHIRLEY v. N. B. AYERS AND MRS. EULA SHIRLEY.

(Filed 15 June, 1931.)

1. **Highways B a—Driver may assume that another driver will take right side of road in passing, there being nothing to indicate disability.**

   A driver of an automobile upon a public highway has a right to assume that another driver coming towards him will observe the rule in passing, and will turn to the right to avoid a collision when there are no indications that he is under any physical disability, and under the evidence in this case an instruction is held correct that if the defendant was running to the right of the center of the highway and met the plaintiff's car, it was not the duty of the defendant to turn further to his right even though he could have done so, he having the right to assume that the other driver would take his rightful position in passing.  N. C. Code of 1927 (Michie), sec. 2621(53).

2. **Husband and wife B d—Husband may sue wife for tort committed prior to marriage, the subsequent marriage not affecting her liability.**

   Where prior to their marriage the wife incurs liability for a negligent injury to the husband: *Held*, the subsequent marriage does not affect her liability, and the question of law relating to the right of a husband to sue his wife in tort is not presented, and a motion as of nonsuit based upon the marriage relationship is improvidently granted.  C. S., 2517, 454.

APPEAL by plaintiff from *McElroy, J.*, at October Term, 1930, of UNION.  No error as to N. B. Ayers; reversed as to Mrs. Eula Shirley.

This is an action to recover damages for personal injuries sustained by plaintiff, resulting from a collision between two automobiles, one owned by the defendant, N. B. Ayers, and the other owned by the defendant, Mrs. Eula Shirley.

The collision occurred on a State highway in Union County, about 6:30 p.m. on 26 December, 1929.  At the time of the collision, the defendant, N. B. Ayers, was driving the automobile owned by him; Horace Yandle, a step-son of the defendant, Mrs. Eula Shirley, was driving the automobile owned by her, as her chauffeur.  The defendant, Mrs. Eula Shirley, was riding in her automobile, with the plaintiff as her guest. They were on the rear seat with Mrs. L. L. Sears, a sister of Mrs. Shirley.  Woodrow Burns and Parker Wilson were on the front seat of her automobile with Horace Yandle, the driver.

In his complaint plaintiff alleges specific acts of negligence on the part of the driver of each of the automobiles, as the proximate cause or causes of the collision.  These allegations are denied in the answer of each of the defendants.  Each defendant alleges that the collision, with the resulting injuries to plaintiff, were caused by the negligence of the driver of the other automobile.

As the result of the collision, plaintiff sustained serious and painful injuries by reason of which he has suffered damages.

After the pleadings had been read at the trial, the plaintiff admitted in open court that at the time the action was begun, plaintiff and defendant, Mrs. Eula Shirley, were, and that they are now, husband and wife. They were married on 30 March, 1930, after the collision which resulted in plaintiff's injuries, which occurred on 26 December, 1929. This action was begun on 12 May, 1930. It was agreed that the facts admitted by the plaintiff should be deemed to have been alleged in his complaint to the same extent as if they had in fact been alleged therein.

After the foregoing admission and agreement by the plaintiff, the defendant, Mrs. Eula Shirley, demurred *ore tenus* to the complaint, and moved that the action be dismissed as to her, for that on the facts alleged in the complaint, and admitted by the plaintiff at the trial, plaintiff cannot maintain this action against her. The demurrer was sustained, and the action dismissed as to the defendant, Mrs. Eula Shirley.

The action was then tried on issues submitted to the jury involving the liability of the defendant, N. B. Ayers, to the plaintiff, for the damages which he had suffered as the result of the collision.

The jury found that the plaintiff was not injured by the negligence of the defendant, N. B. Ayers, as alleged in the complaint.

From judgment that plaintiff recover nothing of the defendant, N. B. Ayers, and that said defendant recover his costs of the plaintiff to be taxed by the clerk, plaintiff appealed to the Supreme Court.

*John C. Sikes for plaintiff.*
*Vann & Milliken for defendant, N. B. Ayers.*
*Taliaferro & Clarkson for defendant, Mrs. Eula Shirley.*

CONNOR, J. At the trial of this action on the issues submitted to the jury, there was evidence tending to show that as the automobile driven by the defendant, N. B. Ayers, approached the automobile driven by Horace Yandle, the defendant's automobile, immediately before its collision with the Yandle automobile, was on the right side of the highway, and was proceeding at a rate of speed not in excess of twenty-five miles per hour; that the automobile driven by Horace Yandle, coming from the opposite direction, was approaching defendant's automobile at a rate of speed not less than fifty miles per hour; and that as said automobile approached defendant's automobile, it was in the middle of the highway. The defendant proceeded on the right side of the highway, thinking that the driver of the approaching automobile would turn to the right before the automobiles met. When he was about ten feet from

the approaching automobile, defendant realized for the first time that
its driver was not going to turn to his right. He then turned his auto-
mobile sharply to his right, toward the shoulder beyond the pavement.
This was too late. The Yandle automobile struck the front wheel of
defendant's automobile, causing it to swerve to the left. The Yandle
automobile went across the road, jumped a ditch and turned over in
the field. The plaintiff, who was riding on the rear seat of the Yandle
automobile, as the guest of the owner, who was also in the automobile,
was injured when it turned over.

In the charge to the jury, the court instructed them as follows:

"The court further charges you, gentlemen of the jury, that if the
jury shall find from the evidence that the defendant Ayers was operat-
ing his automobile to his right of the center of the highway, and that
the automobile occupied by the plaintiff Shirley was meeting him, being
driven in or near the middle of the highway, then the court charges you
that it would not be the duty of the defendant Ayers to turn his auto-
mobile further to his right, even though he may have had room to do so
and avoid the accident, for the defendant had the right to assume, up
to the point of the collision, that the automobile occupied by the plain-
tiff would assume its proper and rightful position in passing."

Plaintiff having duly excepted to this instruction, on his appeal to
this Court, assigns same as error.

The rule to be observed by the driver of an automobile, when he ap-
proaches another automobile, coming from the opposite direction, on a
public highway in this State, in order that the automobiles may pass
each other in safety, is prescribed by statute, section 10, chapter 148,
Public Laws 1927, N. C. Code, 1927, sec. 2621(53). The rule is as
follows:

"Drivers of vehicles proceeding in opposite directions shall pass each
other to the right, each giving to the other at least one-half of the main
traveled portion of the roadway as nearly as possible."

The driver of each automobile, who is himself observing the rule, has
the right, ordinarily, to assume that the driver of the other automobile
will also observe the rule, and thus avoid a collision between the two
automobiles when they meet each other. Neither is under a duty to
the other to anticipate a violation of the rule by him. When the driver
of one of the automobiles is not observing the rule, as the automobiles
approach each other, the other may assume that before the automobiles
meet, the driver of the approaching automobile will turn to his right,
so that the two automobiles may pass each other in safety. "One is not
under a duty of anticipating negligence on the part of others, but in the
absence of anything which gives or should give notice to the contrary, a
person is entitled to assume, and to act on the assumption, that others

will exercise ordinary care for their own safety." 45 C. J., 705. "A person operating an automobile has the right to act upon the assumption that every person whom he meets will also exercise ordinary care and caution according to the circumstances, and will not negligently or recklessly expose himself to danger, but rather make an attempt to avoid it; but when an operator of a motor vehicle has had time to realize, or by the exercise of a proper care and watchfulness should realize, that a person whom he meets is in a somewhat helpless condition or apparently unable to avoid the approaching machine, he must exercise increased exertion to avoid a collision." 2 R. C. L., 1185. In the instant case, in the absence of any evidence tending to show that the driver of the approaching automobile was in a helpless condition, or was apparently unable to turn his automobile to his right, and thus avoid a collision with the automobile which defendant was driving on his right side of the highway, there was no error in the instruction, which plaintiff contends was erroneous.

Plaintiff's contention on his appeal to this Court that there is error in the judgment dismissing the action as to the defendant, Mrs. Eula Shirley, for the reason that she is now and was at the commencement of this action his wife, must be sustained. The question presented by this contention is not whether a husband may maintain in this State an action against his wife for damages resulting to him from her negligence, where the cause of action arose during the coverture. A decision of this question would require serious consideration not only of constitutional and statutory provisions in force in this State, affecting the mutual rights and liabilities of a husband and wife, but also of matters of grave public policy as determined by such provisions. This question has not heretofore been presented to this Court. Manifestly it cannot and ought not to be decided on this appeal. The question was presented to the Supreme Court of California in *Peters v. Peters,* 103 Pac., 219. In that case it was held that under the law in California, neither a husband nor a wife can sue the other for personal wrongs inflicted during the marriage. This seems to be the only case in which this question has been decided.

It has been held by this Court, however, that because of constitutional and statutory provisions in force in this State, materially modifying, if not abrogating the common-law doctrine that because of the fiction as to the unity of husband and wife, neither can maintain an action against the other, a wife may maintain an action against her husband in this State and recover thereon, whether the action is founded on contract or on tort, where the cause of action arose during the coverture. Thus in *Etheredge v. Cochran,* 196 N. C., 681, 146 S. E., 711, referring to Article X, section 6 of the Constitution of this State, and

to certain cited statutes, it is said by *Adams, J.:* "By virtue of these and other provisions the relation which married women formerly sustained to their husbands has been materially modified. Unity of person in the strict common-law sense no longer exists, and many of the common-law disabilities have been removed. Not only may they contract with each other; a married woman may now sue her husband in contract or in tort. *Dorsett v. Dorsett,* 183 N. C., 354, 111 S. E., 541; *Roberts v. Roberts,* 185 N. C., 566, 118 S. E., 9." See, also, *Crowell v. Crowell,* 180 N. C., 520, 105 S. E., 206, and 181 N. C., 66, 106 S. E., 149.

In the instant case, the cause of action alleged in the complaint arose, and defendant incurred liability to plaintiff thereon, prior to her marriage to plaintiff. Her liability to plaintiff was not impaired or altered by her subsequent marriage. It is so expressly provided by statute, C. S., 2517. It is also provided by statute that where an action is between a married woman and her husband, she may be sued alone. C. S., 454. In view of these statutes, we are of the opinion that there was error in the judgment dismissing the action as against the defendant, Mrs. Eula Shirley. The judgment is therefore reversed. The action is remanded to the Superior Court of Union County for trial on the issues raised by the pleadings.

No error as to N. B. Ayers.

Reversed as to Mrs. Eula Shirley.