CHARLIE S. MORGAN v. PERCY E. SAUNDERS.

(Filed 17 September, 1952.)

**1. Automobiles § 13—**

Ordinarily, a driver who is himself observing the law of the road has the right to assume that the driver of a car approaching from the opposite direction will turn to its right so that the vehicles may pass in safety, and is not required to anticipate a negligent breach of this duty by the driver of such other vehicle, but this right is not absolute but may be qualified by particular circumstances, such as the proximity and movement of such other vehicle and the condition and width of the road.

**2. Automobiles § 18h (2)—Evidence held not to show actionable negligence on part of driver in collision with car traveling in opposite direction.**

Plaintiff was a passenger in defendant's car. The evidence tended to show that defendant had his car under control and was driving on the right side of the highway at a lawful speed following another car traveling in the same direction, that a third vehicle approached from the opposite

direction at excessive speed in the center of the highway, forced the first car partially off the hard surface, continued in the center of the highway and struck defendant's car, resulting in personal injuries to plaintiff. *Held:* Defendant's motion to nonsuit was properly allowed, since he was not under duty to anticipate negligence on the part of others, and in the absence of anything to show that the driver of the oncoming car was in a helpless condition or unable to turn his car to the right, he may not be held negligent if he continued to drive carefully with his car under control on his side of the road, on the reasonable assumption that the driver of the other car would drive to the right in time to pass in safety.

Nor would the fact that the defendant occasionally turned his head in conversing with the occupants of his car be regarded as importing negligence under the circumstances here appearing.

APPEAL by plaintiff from *Morris, J.,* April Term, 1952, of CHOWAN. Affirmed.

This was an action to recover damages for a personal injury alleged to have been caused by the negligence of the defendant in the operation of an automobile.

Plaintiff was a guest passenger in defendant's automobile when it was struck by another automobile driven by Patrick Eubanks. The collision occurred near Edenton about 9:30 p.m., on a two-lane highway, pavement 20 feet wide. Plaintiff was seated on the left rear seat of defendant's automobile with his wife beside him, and the defendant and his wife were on the front seat, the defendant driving.

According to plaintiff's evidence the defendant was driving 30 or 35 miles per hour, in the right traffic lane, and had his automobile under control. An automobile driven by John Miller, plaintiff's brother-in-law, was proceeding in same direction as defendant and about 100 yards in front. The plaintiff's wife testified she observed the Eubanks car approaching very rapidly from the opposite direction when it was about 100 yards away. "It was in the middle of the highway, swerving to and fro." The defendant did not change the direction of his automobile. There was nothing to prevent his turning off the pavement to the right. The night was clear and the lights on both automobiles were burning.

The Eubanks car struck defendant's automobile, apparently a glancing blow, and "bounced over on its shoulder." The left front fender, radiator and bumper of defendant's automobile received the force of the blow. After the accident the defendant's automobile was still on the right side of the highway near the edge of the pavement. The plaintiff was thrown to the floor of the automobile and seriously injured. . Miller testified the Eubanks car passed him about 100 yards from where it struck defendant's automobile, and at that time it was traveling fast and in the middle of the highway. Miller turned off 2 feet on the shoulder and the automobiles passed in safety.

Plaintiff's wife testified defendant would turn his head in talking to the other occupants of the automobile. "There were times that he turned completely around in speaking to me, and also to Mr. Morgan and to his (defendant's) wife. That was the situation right at the time of the accident." She further testified that when from the rear seat she saw this car coming in the center of the highway neither she nor her husband said anything to defendant about it. "He was driving his own automobile."

There was an allegation in the answer that a release had been executed by plaintiff for a consideration, and there was a reply by plaintiff setting out matters in avoidance. But no evidence on this point was offered in the trial.

Eubanks was not sued.

At the conclusion of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed, and from judgment dismissing the action, plaintiff appealed.

*John H. Hall for plaintiff, appellant.*
*John F. White and Pritchett & Cooke for defendant, appellee.*

DEVIN, C. J. The plaintiff contends that the nonsuit below should be reversed for the reason that evidence was offered tending to show that shortly before the time of the collision the defendant Saunders was not keeping a proper lookout in the direction he was driving, and that if he had observed the approaching automobile in time he could have driven off the pavement to the right and avoided the collision.

However, the plaintiff's evidence also showed that the defendant was driving on his right side of the highway, at a moderate rate of speed, had his automobile under control, and that after it was struck by the Eubanks automobile it still remained on the right side of the highway near the edge of the pavement.

Under the circumstances here made to appear should the conduct of the defendant be held for negligence that he kept his automobile in the proper lane, on his right side of the road when meeting another automobile coming from the opposite direction, apparently acting on the assumption that the driver of the approaching automobile would observe the law and pass in safety?

It has several times been stated by this Court that the driver of an automobile who is himself observing the law (G.S. 20-148) in meeting and passing an automobile proceeding in the opposite direction has the right ordinarily to assume that the driver of the approaching automobile will also observe the rule and avoid a collision. *Shirley v. Ayers,* 201 N.C. 51, 158 S.E. 840; *James v. Coach Co.,* 207 N.C. 742, 178 S.E. 607;

*Hancock v. Wilson,* 211 N.C. 129 (134), 189 S.E. 631; *Guthrie v. Gocking,* 214 N.C. 513, 199 S.E. 707; *Brown v. Products Co., Inc.,* 222 N.C. 626, 24 S.E. 2d 334; *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593; Mitchie Auto Law, sec. 95; 2 Blashfield, sec. 919. "Neither is under a duty to the other to anticipate a violation of the rule by him. When the driver of one of the automobiles is not observing the rule, as the automobiles approach each other, the other may assume that before the automobiles meet, the driver of the approaching automobile will turn to his right, so that the two automobiles may pass each other in safety." *Shirley v. Ayers,* 201 N.C. 51, 158 S.E. 840.

In *Guthrie v. Gocking,* 214 N.C. 513, 199 S.E. 707, where the facts were in many respects similar, demurrer to the complaint was sustained. The Court said: "The plaintiff is driving an automobile along the highway in rear of defendants' automobile proceeding in the same direction. A third automobile appears on the scene coming rapidly from the opposite direction, meeting the automobile of defendants and plaintiff. The third automobile is being driven on the left side of the highway, that is, on the same side as that of defendants and plaintiff. In that situation the driver of defendants' automobile continued in his own lane of traffic, to the right of the center of the highway . . . From an analysis of the factual situation alleged, it does not appear that the driver of defendants' car could reasonably have foreseen that the maintenance of his position on the right side of the highway, in his proper lane of traffic, in the face of the approaching third automobile, would result in injury to the plaintiff . . . The driver of defendants' automobile had the right to assume that the driver of the third car would turn to his right and into his proper lane of traffic in time to avoid collision."

There was nothing in evidence in the instant case to show that the driver of the Eubanks car was in a helpless condition or unable to turn his automobile to the right of the center of the road in passing the Saunders automobile whose lights were plainly visible, or that in the sudden emergency which arose the duty devolved upon Saunders to drive off the pavement. The pavement was 20 feet wide. Eubanks had ample room to turn (*Brown v. Products Co., Inc., supra*). The plaintiff might well have concluded that the safest course was to remain in his proper lane of travel under the assumption that the other driver would observe the law in time to pass in safety, rather than attempt to change the situation by a sudden turning.

While it is the duty of the driver of an automobile to keep a reasonably careful lookout, he is not required to anticipate negligence on the part of others and his failure so to do does not ordinarily constitute an act of negligence on his part. *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355.

Notwithstanding the defendant conversed with the other occupants of his automobile, it is not perceived, if he had refrained from so doing, that the rules of reasonable prudence would have required him to do more than drive slowly, keep his automobile under control, and remain in his own proper lane of travel, assuming that the driver of the approaching vehicle would observe the law and pass in safety. He was justified in acting on this assumption until such time that it appeared that a collision was unavoidable. *Shirley v. Ayers, supra.* However, the right of a motorist to assume the driver of a negligently operated automobile will observe the law in time to avoid collision is not absolute, but may be qualified by the particular circumstances at the time, such as the proximity and movement of the other vehicle and the condition and width of the road. *Hoke v. Greyhound Corp.*, 227 N.C. 412, 42 S.E. 2d 593; *Brown v. Products Co., Inc.*, 222 N.C. 626, 24 S.E. 2d 334. Furthermore, when confronted by the sudden emergency of the approach of another automobile negligently operated, the driver of an automobile who is in no respect at fault, is not usually held to the same degree of deliberation and circumspection as under ordinary conditions. *Ingle v. Cassady*, 208 N.C. 497, 181 S.E. 562. The fact that neither plaintiff nor his wife called the defendant's attention to the approach of the other automobile for the reason that "he was driving his own automobile," would seem to indicate they understood he was aware of the approach of the lighted automobile of Eubanks, plainly visible when a hundred yards away. *Taylor v. Rierson*, 210 N.C. 185, 185 S.E. 627, cited by plaintiff, is not in point.

Considering all the facts in evidence and the inferences to be drawn therefrom, we conclude the judgment of nonsuit should not be disturbed.

Affirmed.