LASSIE FREEMAN HENDERSON v. WILEY HENDERSON.

(Filed 24 February, 1954.)

**1. Negligence § 1—**

Negligence is the failure to exercise that degree of care which an ordinarily prudent man would exercise under like conditions in the performance of some legal duty which the defendant owes the plaintiff under the circumstances in which they are placed.

**2. Negligence § 5—**

Proximate cause of an injury is that cause which produces the injury in continuous sequence under circumstances from which any man of ordinary prudence could have foreseen that such result was probable under the existing facts, foreseeability being an essential element of proximate cause.

HENDERSON *v*. HENDERSON.

**3. Automobiles § 8a—**

Apart from statutory requirements, the operator of a motor vehicle is under duty to exercise that degree of care which an ordinarily prudent person would exercise under the circumstances in keeping a proper lookout, in keeping his car under proper control, and in exercising due care to avoid collision with persons or other vehicles upon the highway.

**4. Automobiles § 13—**

A motorist meeting a car traveling in the opposite direction may ordinarily assume that the oncoming driver will turn to his right so that the two cars may pass each other in safety, but if he sees, or in the exercise of due care should see, that the approaching driver cannot or will not do so, it is incumbent upon him then to exercise due care under the then existing conditions.

**5. Same: Automobiles §§ 18h (2), 21—Failure of driver to stop immediately upon seeing car approaching out of control held not proximate cause of accident.**

Plaintiff was a passenger in defendant's car which was being driven by defendant on his right side of the highway at a moderate rate of speed. The evidence tended to show that a car traveling in the opposite direction came into view when it was some 60 to 100 yards away rounding a curve, that it was traveling on its left side of the highway at a speed from fifty to sixty miles per hour, that the driver turned to his right, ran off the paved portion of the highway into the ditch on his right, and that when the car was within five to ten feet of defendant's truck, the driver pulled it out of the ditch and crashed it into defendant's truck, which at this time had been practically stopped, on defendant's right side of the highway. *Held:* As a matter of law, the failure of defendant to stop his truck immediately upon seeing the oncoming car does not constitute actionable negligence, since, whether such action would have avoided the injury rests in mere speculation, and defendant, being confronted by the sudden emergency, cannot be held under duty to have anticipated that the car would be jerked out of the ditch just when it was opposite defendant's truck.

**6. Automobiles §§ 8a, 18g (6)—**

Defendant's declaration that the accident would not have occurred if he had stopped his vehicle or pulled it out on the shoulder of the highway cannot be held for an admission of negligence when it amounts to nothing more than a statement that if defendant's truck, which was being operated in a lawful manner under control on its right side of the highway, had not been where it was, it would not have been struck by the other vehicle, since negligence involves more than being at a particular place at a particular time.

**7. Automobiles § 8j: Negligence § 2—**

When confronted with a sudden emergency created by the negligence of the adverse party, the driver of an automobile, who is in no respect at fault, is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, similarly situated, would have made.

PARKER, J., dissents.

APPEAL by plaintiff from *Clarkson, Special Judge,* August "A" Civil Term, 1953, of BUNCOMBE.

The plaintiff brought this civil action to recover damages on account of personal injuries sustained in an automobile collision alleged to have been caused by the negligence of the defendant. The plaintiff is the wife of the defendant.

In support of the allegations of the complaint relating to negligence of the defendant, the plaintiff offered evidence tending to show that the collision occurred in the manner set out below.

About 5:45 p.m., on Friday, 1 August, 1952, the plaintiff was riding as a guest passenger in the defendant's Ford pickup truck. The defendant was proceeding in a northerly direction. One Bobby Eugene Hyatt, operating a Ford sedan, was proceeding in a southerly direction. A collision between these two vehicles occurred on paved Highway #63. The plaintiff suffered serious personal injuries in consequence of the collision.

The Hyatt car was first observed by plaintiff on the east side of the paved highway, coming around a curve, traveling at a speed of 50-60 or 55-60 miles per hour. At that time, in plaintiff's opinion, the Hyatt car and the defendant's truck were approximately 100 yards apart. "It swerved around here out of control, looked like it was wobbling, and it came right on this way on our side of the road until it got down here so far, and then into the ditch about there. After it drove into the ditch on the west side, it came up the ditch just a little way and was wobbling." "He (Hyatt) went over on his side of the road on the west side. After he got on his side of the road he ran into the ditch and when he got into the ditch he ran a little ways down the ditch, just a little ways, and when he pulled out of the ditch he pulled his car across the road, but not straight across." "When he jerked his car out of the ditch he was five to ten feet from where my husband's car was running." "When the Hyatt boy jerked his car out of the ditch he was still running at a high rate of speed."

The Hyatt car, when jerked out of the ditch, crossed the paved highway and crashed into the defendant's truck. The defendant slammed on his brakes just as the Hyatt car hit the truck. At the moment of collision the defendant's truck was almost stopped, barely moving. The collision occurred on the east side of the paved portion of the highway, that is, on the defendant's right while traveling north, midway between the center line and the east margin of the pavement.

From the time the Hyatt car first came into view the occupants of the defendant's truck could observe its movements up to the time of the collision. "He (the defendant) didn't do anything except kept on going down the road here until he got within about 5 or 10 feet of this (Hyatt's)

car and he slammed on his brakes and just as he slammed on his brakes the other car ran into us." No other vehicle was involved or in sight.

The defendant was driving on his side of the road, from 20 to 25 miles per hour, "going at a moderate rate of speed down the road and had his car under control." The plaintiff couldn't say as to the width of the paved highway, but there was plenty of room for the two cars to pass. East of the pavement, *i.e.,* on the defendant's right while traveling north, there was a shoulder, even with the paved highway, from 6 to 10 feet wide and extending north-south a distance of at least 50 yards. Traveling north, this was the condition of the shoulder east of the pavement at and immediately before reaching the place of collision.

After the collision the plaintiff saw the defendant, her husband, every day; and he made statements to and in the presence of the plaintiff and others to the effect that he could have stopped and avoided the collision, or he could have pulled out. On one occasion his statement was, "Oh, if I had only stopped when I saw this car coming, it wouldn't have happened."

The allegation of the complaint, and the theory of the trial, was that the defendant was negligent in failing either to stop his truck on the highway immediately when he saw or should have seen the Hyatt car some 100 yards away or in failing to pull to his right onto the shoulder and there stop.

At the close of the plaintiff's evidence the trial judge, upon the defendant's motion, entered judgment of involuntary nonsuit and dismissed the action. Plaintiff excepted and appealed.

*E. L. Loftin for plaintiff, appellant.*
*Harkins, Van Winkle, Walton & Buck for defendant, appellee.*

BOBBITT, J. In testing the sufficiency of the plaintiff's evidence to require submission of the issue of negligence to the jury, certain well-established propositions must be kept in mind.

The general law as to what constitutes actionable negligence is thus stated by *Justice* (later *Chief Justice*) *Hoke:* "To establish actionable negligence, the question of contributory negligence being out of the case, the plaintiff is required to show by the greater weight of the testimony, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiffs under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances and charged with like duty; and, second, that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen

that such a result was probable under all the facts as they existed. Shearman and Red. on Neg., secs. 25-28; *Brewster v. Elizabeth City,* 137 N.C. 392; *Raiford v. R. R.,* 130 N.C. 597; *Pittsburg v. Taylor,* 104 Pa. 306; *McGowan v. R. R.,* 91 Wis. 147." *Ramsbottom v. R. R.,* 138 N.C. 39, 41, 50 S.E. 448.

With further reference to proximate cause, we note that "foreseeability" is one of its requisite elements. *Whitley v. Jones,* 238 N.C. 332, 78 S.E. 2d 147; *Davis v. Light Co.,* 238 N.C. 106, 76 S.E. 2d 378.

Apart from safety statutes prescribing specific rules governing the operation of motor vehicles, a person operating a motor vehicle must exercise proper care in the way and manner of its operation, proper care being that degree of care that an ordinarily prudent person would exercise under the same or similar circumstances and when charged with like duty. Thus, he must exercise due care as to keeping a proper lookout, as to keeping his car under proper control, and generally so as to avoid collision with persons or other vehicles on the highway. *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111.

In meeting a car, proceeding in the opposite direction, where the oncoming car is not on its right side of the highway as the vehicles approach each other, ordinarily a motorist may assume that before the cars meet the driver of the approaching car will turn to his right so that the two cars may pass each other in safety; but from the time the motorist sees, or by the exercise of due care should see, that the approaching driver cannot or will not do so it is incumbent upon him then to exercise due care under the then existent conditions. *Morgan v. Saunders,* 236 N.C. 162, 72 S.E. 2d 411, and cases therein cited.

Too, as stated by *Chief Justice Devin* in *Morgan v. Saunders, supra,* "Furthermore, when confronted by the sudden emergency of the approach of another automobile negligently operated, the driver of an automobile who is in no respect at fault, is not usually held to the same degree of deliberation and circumspection as under ordinary conditions. *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562."

Tested in relation to these well established propositions, we agree with the trial judge in his ruling that the plaintiff's evidence fails to show actionable negligence on the part of the defendant.

The defendant's truck was always on its proper side of the highway, the collision occurring midway between the center line and the east edge of the paved highway. The defendant's truck was traveling at a moderate speed, estimated to be from 20 to 25 miles per hour, and at all times the defendant had the truck under control.

When the Hyatt car came into view, some 60, 75 or 100 yards ahead, rounding the curve, it was on its left side of the paved highway, swerving and wobbling, traveling at a speed of from 50 to 60 miles per hour. Hyatt

turned to his right, out of the defendant's lane of travel. Thereafter, he got off the paved portion of the highway into a ditch on his right side, traveled "just a little ways" in the ditch, and then within 5 to 10 feet of the defendant's truck Hyatt jerked his car out of the ditch and caused it to cut across the paved highway and crash into the defendant's truck. At that time the defendant's truck was almost stopped, barely moving.

Viewing the circumstances in the light most favorable to the plaintiff, as required in passing upon a motion for judgment of involuntary nonsuit, the defendant was confronted suddenly by an emergency caused solely by the gross negligence of Hyatt. If the vehicles were 100 yards apart, as the plaintiff testified, when the Hyatt car came into view, at a speed of 60 miles per hour the Hyatt car would travel 100 yards in slightly more than 3.4 seconds; and at a speed of 50 miles per hour it would travel 100 yards in slightly more than 4 seconds. Automobile Trials, Applied Law, Clevenger, Chart on page 102. This calculation leaves out of consideration the distance traveled by the defendant's truck, this distance reducing to that extent the 100 yards used in the calculation and the time period involved. The calculation is significant only as it emphasizes the fact that the emergency arose suddenly and less than four seconds elapsed from the time the Hyatt car came into view until the collision occurred.

The evidence is silent as to certain of the facts relating to Hyatt's movements within this distance of less than 100 yards. Did he get on his right side of the highway immediately? How far did he travel on his right side of the highway before going into the ditch? How far did he travel in the ditch? What were the physical facts as to the nature of this ditch?

To hold the defendant accountable for his failure to anticipate that Hyatt would jerk his car out of the ditch just when he was opposite the defendant's truck would require omniscience rather than reasonable foreseeability. The law does not so require. *Lee v. Upholstery Co.,* 227 N.C. 88, 90, 40 S.E. 2d 688.

Moreover, the evidence as to the defendant's declarations of remorse, to the effect that if he had only stopped or pulled out on the shoulder the collision would not have occurred, throws no light on what actually occurred at and preceding the time of the collision. The presence of his truck, operated in a lawful manner, under control, on its right and proper side of the highway must be regarded as "a circumstance of the accident and not its proximate cause." *Lee v. Upholstery Co., supra; Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88. In retrospect the defendant rightly concluded that had his truck not been where it was when Hyatt cut across the road the collision would not have occurred. But negligence, as stated frankly in plaintiff's brief, involves more than being at a particular place

at a particular time. Even by the use of hindsight, ("Hindsight is usually better than foresight.") it is altogether a matter of surmise or conjecture as to what would have happened had the defendant stopped in the highway when the Hyatt car first came into sight or had pulled off on the shoulder and stopped. *Pack v. Auman,* 220 N.C. 704, 707, 18 S.E. 2d 247; *Tysinger v. Dairy Products,* 225 N.C. 717, 722, 36 S.E. 2d 246. Hindsight does indicate, as events developed, that had he speeded up his truck while Hyatt was on his right side of the highway or in the ditch the defendant would have passed in safety. Indeed, if he had traveled only a few feet farther he would have passed in safety. But at the time the questions as to whether, when or where Hyatt would get into the ditch or undertake to pull out of it could not be answered; and his failure to anticipate the unforeseeable when confronted by a sudden emergency caused by no fault of his own cannot be deemed a basis of actionable negligence. *Patterson v. Ritchie,* 202 N.C. 725, 164 S.E. 117; *Ingle v. Cassady, supra; Morgan v. Saunders, supra.* For in such case, as stated by *Stacy, C. J.,* in *Ingle v. Cassady, supra,* "One who is required to act in an emergency is not held by the law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence, *similarly situated,* would have made." (Emphasis supplied.) The plaintiff's evidence does not show a failure of the defendant to pass this test.

The collision, with its regrettable and serious consequences to the plaintiff, must be deemed upon the evidence before us to have been *caused* solely by the gross negligence of Hyatt. Accordingly, the judgment of involuntary nonsuit is

Affirmed.

PARKER, J., dissents.