JAMES MALLIE BARNES, ADMINISTRATOR OF THE ESTATE OF JAMES ARNOLD BARNES, DECEASED, v. NELSON E. CAULBOURNE.

(Filed 13 October, 1954.)

**1. Pleadings § 24—**

A plaintiff must make out his case *secundum allegata.*

**2. Trial § 31a—**

The failure to charge the law on the substantive features of the case arising upon the evidence is prejudicial error notwithstanding the absence of request for special instructions.

**3. Trial § 32—**

When the charge is in substantial compliance with the requirements of G.S. 1-180, a party desiring further elaboration or explanation must tender specific prayers for instructions.

**4. Negligence § 1—**

The elements of negligence are, first a legal duty, which varies according to the subject matter and the relationships, and second, the failure to exercise due care in the performance of such duty, which always means the care an ordinarily prudent person would exercise under the same or similar circumstances when charged with like duty.

**5. Automobiles § 17—**

When a motorist observes or should observe children on, near or approaching a highway, he is under the duty to exercise greater vigilance and caution because of their immaturity and impulsive nature, which is the care an ordinarily prudent person would exercise when confronted with the dangers inherent in such circumstances. The court's charge on this aspect of the case *is held* without error.

**6. Automobiles §§ 8j, 18i—**

The evidence disclosed that defendant was driving a truck-trailer following an automobile at an intersection of highways controlled by electrical traffic signals, that as defendant approached the intersection the signal facing him turned green, that he continued in low gear at a slow speed following the car when plaintiff's intestate, a 7-year-old boy, attempted to run across the street, after the car had passed, but directly in front of the truck. *Held:* The evidence discloses ample basis for the application of the doctrine of sudden emergency, and the court correctly charged thereon as law arising on the evidence.

**7. Automobiles § 18i—**

In this action to recover for the death of a 7-year-old boy, fatally injured when struck by defendant's truck-trailer, no issue of contributory negligence was submitted to the jury and the court charged that the jury should answer the issue of negligence in the affirmative if it found by the greater weight of the evidence that negligence on the part of the defendant was a proximate cause of the fatal injury, and that the issue should be so answered even though the jury should also find that the acts of intestate constituted one of the proximate causes thereof. *Held:* The instruction is without prejudicial error.

**8. Trial § 31a—**

 The charge is sufficient if, when read contextually, it clearly appears that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe that the jury was misled or misinformed in respect thereto.

**9. Trial § 44—**

 A verdict cannot be impeached because of an opinion of a juror on a matter irrelevant to the issue and not presented by either allegation or evidence.

Parker, J., concurs in result.

Appeal by plaintiff from *Parker, J.*, March Term, 1954, of Johnston. No error.

Civil action to recover damages on account of alleged wrongful death.

The facts, to which plaintiff relates allegations of negligence, are stated in the complaint as follows:

"4. That on or about the 13th day of February 1952, at or about nine o'clock p.m. the defendant, Nelson E. Caulbourne, was operating a motor vehicle owned and operated by the defendant, Nelson E. Caulbourne, in a northerly direction over and along U. S. Highway No. 301 in and around Kenly, North Carolina; that at the time the plaintiff's intestate, James Arnold Barnes, deceased, was standing on the easterly side of the said highway waiting to cross said highway and that at the point where the plaintiff's intestate was standing was approximately 75 feet from a stoplight and that the defendant, Nelson E. Caulbourne, slowed down and looked at the plaintiff's intestate; that the plaintiff's intestate started across the street and that the defendant ran into and over the plaintiff's intestate, resulting in almost sudden death."

The facts stated in the following numbered paragraphs are not in dispute.

1. On 13 February, 1952, about 9 p.m., plaintiff's intestate, a boy seven years old, was struck by a truck-trailer operated by defendant and died shortly thereafter as the proximate result of his injuries.

2. The fatal accident occurred in Kenly, North Carolina, near the intersection of Highway # 301 and Highway #222. At this intersection there was in operation an electric traffic signal. Highway #301 runs north and south. Highway #222 runs east and west.

3. A Sinclair service station was located on the northeast corner of the intersection. Across Highway #301 therefrom, on the northwest corner of the intersection, an Esso service station was located. The buildings and adjacent premises extended some distance north from Highway #222 and along Highway #301. At the north end of the Sinclair premises, some fifty feet or more north from Highway #222, concrete repair work,

covering a space 12 x 24 feet, was fenced off by a barricade consisting of 2 x 4's across the top of kegs. There was a strip, estimated to be from 6 to 8 feet in width between the west side of the barricade and the east edge of the hard surfaced portion of Highway #301. Highway #301, according to estimate, was 24 feet wide.

4. Plaintiff's intestate, with his parents, had been to the moving picture theatre located some 100 yards east of the intersection on Highway #222. Plaintiff (the father) left the theatre, walked (west) to the intersection, crossed to the Esso service station, and was inside the building when the fatal accident occurred. Shortly after his father had left, plaintiff's intestate left the theatre and approached the intersection on the sidewalk on the north side of Highway #222. He was struck by the bumper or grill of the truck-trailer, near the center of the highway, while attempting to cross Highway #301 from the Sinclair corner to the Esso corner.

5. Defendant was headed north on Highway #301. When he entered the intersection, the signal light facing him was green. His truck-trailer was behind a passenger car proceeding north along Highway #301. Plaintiff's intestate stopped on the east side of Highway #301, looked, waited for the car to pass, then ran onto the highway in the path of defendant's truck-trailer and was hit.

6. At all times the truck-trailer was proceeding slowly. At all times the intersection and adjacent area was well lighted and the truck-trailer was in plain view.

7. Defendant did not blow his horn or otherwise give warning of his approach. Proceeding slowly, he passed through the intersection and continued at same speed until plaintiff's intestate was struck.

Plaintiff offered evidence tending to show that plaintiff's intestate, walking along the sidewalk on the north side of Highway #222, stopped when he reached Highway #301; that the red traffic signal then faced travelers along Highway #222; that he stopped on the corner, at the edge of the highway, looked both ways, and waited for a car to pass going north; that, after the car passed, the boy "darted," or "trotted," or "ran" out behind it across the highway at an angle toward the (Esso) filling station; that when this occurred the defendant was about at the traffic signal; and that the boy was struck near the center of Highway #301, about 40 to 50 feet from where he started out from the sidewalk; and that he was not running fast enough to get across in front of the truck.

Defendant offered evidence tending to show that as he approached the intersection he slowed up, putting the truck in low third gear on account of the red signal light; that as he neared the intersection the light changed to green and that he went on through the intersection, traveling at a speed of ten to twelve miles per hour; that when he reached the traffic

signal the boy was standing on the east side of Highway #301, at the barricade, looking towards the approaching truck-trailer; that the boy was standing there when the car in front of him passed; that he gave no signal because the boy was watching him; that when the truck-trailer was 8 or 10 feet away the boy jumped out in front, running across Highway #301 directly in front of him; that he cut to the left and the grill hit the boy, near the center line of the highway; and that, after the boy suddenly ran out onto the highway he had no opportunity to blow the horn or stop the truck.

Bearing upon the defendant's duty to plaintiff's intestate, a seven-year-old boy, the court instructed the jury as follows:

"It has been frequently declared by the Supreme Court of North Carolina in decisions in a like situation, to be the duty of one operating a motor vehicle on a public street who sees, or by the exercise of due care should see, a child on the traveled portion of the street, or apparently having intention to cross, to use proper care with respect to speed and control of his vehicle, the maintenance of vigilant lookout and the giving of timely warning, to avoid injury to that child, recognizing the likelihood of the child's running across the street in obedience to childish impulses and without circumspection, and the operator is required to exercise a degree of care in keeping with the surrounding conditions and hazards, if any, and the test of liability for negligence is the departure from normal conduct of a reasonably prudent person, or the care which a reasonably prudent person, would employ under the circumstances. Now, that rule is constant; it remains there all the time, while the degree of care which a reasonably prudent person is required to exercise, varies with the surrounding conditions at the time."

Bearing upon the doctrine of sudden emergency, the court instructed the jury as follows:

"The Court instructs you that a person confronted with a sudden emergency is not held by law to the same degree of care as in ordinary circumstances, but only to that degree of care which an ordinarily prudent person would use under similar circumstances. The standard of conduct required in an emergency, as elsewhere, is that of a prudent person.

"The Court further instructs you that this principle is not available to one who by his own negligence, brought about or contributed to the emergency. That means in simple language, that a person who creates an emergency, or contributes to it, cannot take advantage of the principle.

"The Court instructs you that one who is required to act in an emergency is not held by law to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence similarly situated would have made."

The court overruled defendant's motions for judgment as of nonsuit; submitted to the jury the issues of negligence and damages; and, the jury having answered the negligence issue, "No," entered judgment for the defendant. Plaintiff excepted and appealed.

*Wellons & Wellons and Hooks & Britt for plaintiff, appellant.*
*Shepard & Wood for defendant, appellee.*

BOBBITT, J. It is noteworthy that the evidence upon which plaintiff relied tends to show a factual account of the tragic accident materially at variance with the allegations of the complaint; but, on plaintiff's appeal from an adverse jury verdict, we need not consider whether judgment as of nonsuit should have been entered on the ground of variance between allegation and proof. A plaintiff must make out his case *secundum allegata.* *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14, 139 A.L.R. 1147; *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470.

Plaintiff's assignments of error (1-5) challenge excerpts from the charge, not on the ground that they are incorrect as general statements of law, but on the ground that the court failed to "declare and explain the law arising on the evidence given in the case" as required by G.S. 1-180. *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323, and cases cited. This failure, plaintiff contends, relates to instructions bearing upon (1) the legal duty of defendant to plaintiff's intestate, a seven-year-old child, and (2) the applicability of the doctrine of sudden emergency to the facts disclosed by the evidence in this case.

It is noted that plaintiff tendered no requests for special instructions. Even so, a failure to charge the law on the substantive features of the case arising on the evidence is prejudicial error. *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522, and cases cited. On the other hand, when the charge is in substantial compliance with the requirements of G.S. 1-180, if a party desires further elaboration or explanation, he must tender specific prayers for instructions. *S. v. Gordon,* 224 N.C. 304, 30 S.E. 2d 43, and cases cited.

Strictly speaking, two elements compose the concept of negligence: first, legal duty, and second, a failure to exercise due care in the performance thereof. Due care always means the care an ordinarily prudent person would exercise under the same or similar circumstances and when charged with like duty. Legal duty, however, varies according to subject matter and relationships. Thus, when a motorist observes, or should observe, children on, near or approaching a highway, he is under the duty of exercising greater vigilance and caution because of their immaturity and impulsive nature, that is, care commensurate with the dangers inherent in the circumstances then existing, and an ordinarily prudent

person will use due care in relation to such duty. *Rea v. Simowitz,* 225 N.C. 575, 35 S.E. 2d 871.

The court's instructions bearing upon defendant's legal duty to plaintiff's intestate, a seven-year-old boy, are substantially in accord with the applicable rule as stated by this Court. *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129; *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Rea v. Simowitz, supra; Yokeley v. Kearns,* 223 N.C. 196, 25 S.E. 2d 602.

Bearing upon the applicability of the doctrine of sudden emergency, suffice it to say that there was ample basis in the evidence for a finding that the defendant was confronted suddenly by an emergency situation, not caused in whole or in part by his own negligence. Hence, the instructions were instructions of law arising on the evidence and in accordance with the applicable rule. *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383; *Goode v. Barton,* 238 N.C. 492, 78 S.E. 2d 398; *Morgan v. Saunders,* 236 N.C. 162, 72 S.E. 2d 411; *Sparks v. Willis, supra; Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593, and cases cited.

There was no allegation or issue relating to contributory negligence on the part of plaintiff's intestate. The trial judge was careful to explain to the jury that the *sole* issue was whether they were satisfied from the evidence and by its greater weight that negligence on the part of the defendant was *a* proximate cause of the death of plaintiff's intestate. If so, his instruction was that the jury should answer the issue, "Yes," "even though you also find that the acts of the plaintiff's intestate, the little child, constituted also one of the proximate causes of his injury and death."

As stated by *Barnhill, J.* (now *C. J.*), in *Vincent v. Woody,* 238 N.C. 118, 76 S.E. 2d 356: "The charge is sufficient if, when read contextually, it clearly appears that the law of the case was presented to the jury in such manner as to leave no reasonable cause to believe that it was misled or misinformed in respect thereto." Such is the case here. There can be no doubt but that the jury understood the crucial issue to be decided. The jury was not satisfied from the evidence and by its greater weight that the tragic accident was caused in whole or in part by "a wrongful act, neglect or default" of defendant. G.S. 28-173.

The record shows that, after verdict, one of plaintiff's attorneys entered into a discussion with one of the jurors. Plaintiff undertook to offer the testimony of such juror that he had seen a trailer on the street during the progress of the trial with wheels wholly under the body thereof, upon which the trailer rested when the truck was detached, perhaps similar to wheels under defendant's trailer according to defendant's description of his equipment, and formed the impression that such wheels could not have

struck plaintiff's intestate. The trial judge declined to consider such evidence but permitted it for inclusion in the record as a basis for plaintiff's exception. Passing the question as to whether such testimony was competent to impeach the verdict, the incident is irrelevant. All the evidence tends to show plaintiff's intestate was struck by the front of the truck-trailer. Wheels under the trailer were not alleged or shown to have any causal relation to the collision.

The case was tried fairly; the jury has rendered its verdict; and we find no prejudicial error.

No error.

PARKER, J., concurs in result.